UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jamie Lee Barnhill,

    Plaintiff,

v.                                            Case No. 15-14440
                                             Honorable Sean F. Cox
                                             Magistrate Judge David R. Grand

Commissioner of Social Security,

    Defendant.

_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jamie Lee Barnhill ("Plaintiff") brought this action seeking judicial review of Defendant Commissioner of Social Security's ("Defendant") determination that he is not entitled to Disability Insurance Benefits under 42 U.S.C. § 405(g). (Doc. #1).

Sometime thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #13, Pl.'s Br. and Doc. #16, Def.'s Br.). All proceedings in this case were referred to Magistrate David R. Grand pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C). (Doc. #3).

On November 30, 2016, Magistrate Judge Grand issued a Report and Recommendation ("R&R"), wherein he recommended that the Court GRANT Defendant's Motion for Summary Judgment, DENY Plaintiff's Motion for Summary Judgment, and AFFIRM the decision of the ALJ. (Doc. # 18, R&R at 1). Plaintiff filed a timely objection to the November 30, 2016, R&R on December 14, 2016. (Doc. # 19, Pl.'s Objs.). Defendant timely responded to Plaintiff's objection on December 23, 2016. (Doc. # 20, Def.'s Resp.).

The Court finds Plaintiff's objections to be improper and without merit. The Court shall therefore **ACCEPT AND ADOPT the R&R**, **GRANT** Defendant's Motion for Summary Judgment, and **DENY** Plaintiff's Motion for Summary Judgment.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In his first objection, Plaintiff argues that "the ALJ'S RFC finding is not supported by substantial evidence." (Pl.'s Objs. at 1). Plaintiff takes issue with: (1) the RFC finding because the ALJ did not base it on a medical opinion; and (2) with the ALJ's failure to rely upon the

opinion of a treating physical therapist. (*Id.*). The arguments advanced in support of Plaintiff's first objection pertain entirely to the ALJ's decision and have already been rejected by Magistrate Judge Grand. Notably absent from Plaintiff's objection is any argument that the Magistrate Judge's reasoning is deficient or flawed. Simply put, Plaintiff has not presented *any* argument that would persuade the Court to reject Magistrate Judge Grand's well-reasoned resolution of the challenged issues. Moreover, the Court agrees with the Magistrate Judge as to these issues. Accordingly, Plaintiff's first objection is overruled.

In his second objection, Plaintiff argues that the "ALJ's credibility determination is not supported by substantial evidence." (Pl.'s Objs. at 3). Specifically, Plaintiff argues that "[t]he ALJ failed to follow the requirements of SSR 96-7p when he found that the plaintiff's complaints of intense pain and limitations were not fully credible." (*Id.* at 4). Plaintiff's second objection suffers from the same flaw as his first: it pertains entirely to the decision of the ALJ, rather than the Magistrate Judge. Plaintiff fails to point to a specific deficiency in the Magistrate Judge's reasoning. Moreover, the Court agrees with Magistrate Judge Grand's analysis as to the issue of credibility. As such, Plaintiff's second objection is overruled.

In his final objection, Plaintiff argues that the "substantial evidence does not support the ALJ's step five finding." (*Id.* at 5). Here, Plaintiff takes issue with the ALJ's failure "to include [in the hypothetical question to the vocational expert a] sufficient limitation from plaintiff's severe degenerative disc disease." (*Id.*). This objection, like the objections before it, is improper. Again, Plaintiff fails to make any mention of the Magistrate Judge's R&R. Moreover,

this objection improperly raises a new argument not presented to the Magistrate Judge.[1]  As such, Plaintiff's third objection is overruled.

**ORDER**

For the reasons set forth above **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the November 30, 2016 R&R.  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 10, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager

---

[1] In his motion for summary judgment, Plaintiff argued that the ALJ's hypothetical questions did not accurately portray all of Plaintiff's limitations because "the ALJ did not include in his hypothetical question the limitations that [Plaintiff] has from not even finishing the first year of high school or the fact that he is barely able to read street signs and cannot spell." (Doc. # 13, at 19).  Plaintiff did not argue, like he does now, that the ALJ failed to include sufficient limitation as a result of degenerative disc disease.  Moreover, even if Plaintiff did make the argument, he still fails to point to any specific deficiency in the Magistrate Judge's reasoning.